IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                      **PLAINTIFF**

**v.**                     **CASE NO. 4:18-CR-00167-BSM**

**DERRICK OWENS**                                             **DEFENDANT**

## ORDER

Based on my reading of the relevant law, Derrick Owens's 2009 conviction for possession with intent to deliver cocaine qualifies as a serious drug offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) because state and federal law criminalized the same conduct.

Following a guilty plea, Owens was convicted of being a felon in possession of a firearm and sentenced under ACCA to 180 months of imprisonment to be followed by three years of supervised release. Doc. No. 70. At sentencing in 2021, Owens was determined to have had at least three prior convictions for a violent felony or serious drug offense, including a February 2009 conviction for possession with intent to distribute cocaine. Pulaski County Circuit Court Case No. 60CR-08-3168. Owens appealed and later filed a *pro se* motion to vacate. Doc. Nos. 72 and 78. The Eighth Circuit, on its own motion, vacated the sentence and remanded to determine whether Owens's 2008[1] drug conviction qualifies as a serious drug offense under ACCA in light of the recent decisions in *United States v. Owen*, 51 F.4th 292 (8th Cir. 2022) (per curiam) and *United States v. Myers*, 56 F.4th 595

---

[1] He was charged in 2008 but convicted in 2009.

(8th Cir. 2022) and to reopen the record to allow the parties to submit evidence in support of their positions. Doc. No. 80.

To determine whether a prior conviction qualifies as a "serious drug offense" under ACCA, courts look at the legal definition of the crime, not the defendant's actual acts. *Owen*, 51 F.4th at 294. If the state's definition "sweeps more broadly, or punishes more conduct than the federal definition," the conviction does not qualify. *United States v. Vanoy*, 957 F.3d 865, 867 (8th Cir. 2020). In *Owen,* 51 F.4th at 296, and *Myers*, 56 F.4th at 599, the Eighth Circuit held that state drug convictions for selling cocaine could not count for ACCA enhancement when state law—Minnesota's and Missouri's, respectively—defined cocaine to include all isomers of cocaine, while federal law criminalized only optical and geometric isomers of cocaine. Because state law reached beyond federal law and criminalized conduct that federal law did not, convictions under these statutes did not qualify as serious drug offenses under ACCA.

The question, then, is whether the Arkansas law under which Owens was convicted in 2009 criminalized conduct that federal law did not. The law in effect at the time Owens committed his offense criminalized the manufacture, delivery, or possession with intent to manufacture or deliver less than 28g of a "controlled substance classified by Schedule I or Schedule II that is a narcotic drug or methamphetamine." Ark. Code Ann. § 5-64-401(a)(1)(A)(i) (Supp. 2007). Under state regulations at the time, Schedule II controlled substances included cocaine and ecgonine "and their salts, isomers, derivatives and salts of isomers and derivatives." Schedule II, State of Arkansas Controlled Substances List. But,

relevant here, Arkansas Code Annotated section 5-64-401(a)(1)(A)(i) only criminalized possession with intent to deliver a Schedule II controlled substance that is a "narcotic drug," which was defined by statute to include "[c]ocaine, its salts, optical and geometric isomers, and salts of isomers." Ark. Code Ann. § 5-64-101(16)(B)(iv) (Supp. 2007). Federal law in effect when Owens committed his federal felon-in-possession offense in 2017 criminalized "cocaine, its salts, optical and geometric isomers, and salts of isomers." 21 U.S.C. § 812, sched. II(a)(4) (2012). *See United States v. Perez*, 46 F.4th 691, 700 (8th Cir. 2022) (applying federal law in force at the time of the federal offense for ACCA purposes). Because Arkansas and federal law criminalized the same conduct, Owens's 2009 conviction qualifies as a serious drug offense under ACCA.

Owens has thirty days to file objections to this order and the government has fourteen days after that to respond. Resentencing will be set by separate notice.

IT IS SO ORDERED this 15th day of December, 2023.

_____
UNITED STATES DISTRICT JUDGE